ELG/amc     10/13/04

**ORIGINAL**

04 OCT 13 PM 3:33

NORTHERN DISTRICT OF OHIO
AKRON

COPIES OF COMPLAINT WITH
SUMMONS AND SUMMONS OF SUMMONS
AND MAGISTRATE CONSENT FORM ISSUED TO
COUNSEL FOR PLAINTIFF ON 10-13-04 /s

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

GERALD PRICE                                )
228 28TH STREET NW                          )
BARBERTON, OHIO 44203                        )
                                            )
      Plaintiff,                            )
                                            )
vs.                                         )
                                            )
CARTER LUMBER COMPANY                        )
1763 WADSWORTH ROAD                          )
NORTON, OHIO 44203                           )
                                            )
and                                         )
                                            )
JIM COLLINS                                 )
SUPERVISOR AND STORE MANAGER)
(In his individual and official capacity)    )
CARTER LUMBER COMPANY                        )
1763 WADSWORTH ROAD                          )
NORTON, OHIO 44203                           )
                                            )
      Defendants.                           )

**5:04CV 2070**

**JUDGE**

**JUDGE ADAMS**

**MAG. JUDGE GALLAS**

COMPLAINT
(Jury Demand Endorsed Herein)

## INTRODUCTION

1.   The Plaintiff alleges a Title I violation of the Americans With Disability Act of

     1990 (ADA).

2.   Plaintiff further alleges violation of 4112 of the Ohio Revised Code.

1

3. Plaintiff further alleges intentional infliction of emotional distress in regards to his termination.

4. The Plaintiff is seeking reinstatement, monetary damages, and injunctive relief.

## JURISDICTION

5. Jurisdiction is evoked under 28 U.S.C. 1331, 1343, and 1367.

6. Jurisdiction is further allowed under the ADA act of 1990.

7. Plaintiff states that he has requested his Right to Sue letter, however, the Right to Sue Letter has not yet been received. Plaintiff states that failure to receive a Right to Sue Letter is not jurisdictional. Pursuant to *Puckett vs. Tennessee Eastman Co.*, 889 F2d. 1481, 1486-1488 (6th Cir. 1989), the Right to Sue letter is not jurisdictional. Plaintiff will file the Right to Sue Letter immediately upon receipt.

## PARTIES

8. Gerald Price is a US Citizen residing in Barberton, Ohio.

9. Defendant, Carter Lumber Company, is an Ohio Corporation. (Hereinafter called Carter.)

10. Carter is an employer under the meaning of the act. Carter has an excess of 250 employees.

11. Defendant Jim Collins, hereinafter referred to as Collins, is a Supervisor and Manager of Carter. Collins has authority to hire, fire, adjust hours, and otherwise make employment decisions on employees and Plaintiff's classification.

12. Collins is sued in his individual capacity under Title 4112 of the Ohio Revised Code. Collins is not sued in his individual capacity under ADA.

2

## STATEMENT OF THE FACTS

13.    Plaintiff states he was hired on or about March 1, 1997. Plaintiff states that during the period of his employment he received excellent reviews and was an excellent employee.

14.    Plaintiff states that during the course of his employment he began to suffer from diabetes. Plaintiff states that eventually his kidneys failed and he was required to go to dialysis. Plaintiff states that his dialysis schedule required him to attend dialysis three days per week for hour hours.

15.    Plaintiff states that he advised his employer, Defendant Carter and Collins, that he would have his dialysis on Tuesdays, Thursdays, and Saturdays, commencing at 4:00 p.m. Plaintiff further advised Defendants that he could perform his usual duties with a minor accommodation involving heavy lifting.

16.    Plaintiff states that the hours of his dialysis did not interfere with his usual work schedule.

17.    Plaintiff states that Defendant Collins, on behalf of Defendant Carter, advised Plaintiff that he was terminated on or about December 12, 2002 because "Carter would not work around his dialysis treatments."

18.    Plaintiff states that he filed a complaint with EEOC. Plaintiff states that on February 18, 2004 the EEOC found probable cause of violation of the act. See Exhibit 1.

19.    Plaintiff states that the termination was inappropriate. Plaintiff states that a determining factor in the termination was Plaintiff's disability. Plaintiff states that he could still work his regular job with minor, reasonable accommodations.

20. Plaintiff states that Defendants refused to allow Plaintiff to work and Defendants further refused to give Plaintiff reasonable accommodations.

## FIRST CAUSE OF ACTION

21. Plaintiff incorporates the Statement of the Facts into the First Cause of Action as if fully rewritten herein.

22. Plaintiff states that the actions of the Defendants is clearly a violation of ADA.

23. **Wherefore**, Plaintiff demands reinstatement, compensatory damages of $300,000, punitive damages of $200,000, attorney fees, cost and any other relief this Court may deem is fair and equitable.

## SECOND CAUSE OF ACTION

24. Plaintiff incorporates the Statement of the Facts and the First Cause of Action into the Second Cause of Action as if fully rewritten herein.

25. Plaintiff states that the actions of the Defendants is clearly a violation of 4112 of the Ohio Revised Code.

26. **Wherefore**, Plaintiff demands compensatory damages of $1,000,000, punitive damages of $1,000,000, attorney fees, cost, reinstatement and any other relief this Court may deem is fair and equitable.

## THIRD CAUSE OF ACTION

27. Plaintiff incorporates the Statement of the Facts and the First and Second Causes of Action into the Third Cause of Action as if fully rewritten herein.

28. Plaintiff states that the action of Collins is clearly a violation of Title 4112 of the Ohio Revised Code.

29. **Wherefore**, Plaintiff demands, individually from Collins, compensatory damages

4

of $500,000, punitive damages of $500,000, attorney fees, cost and any other relief this Court may deem is fair and equitable, including attorney fees and reinstatement.

## FOURTH CAUSE OF ACTION

30. Plaintiff incorporates the Statement of the Facts and the First, Second and Third Causes of Action into the Fourth Cause of Action as if fully rewritten herein.

31. Plaintiff states that Defendants actions are outrageous. Plaintiff states that the Defendants actions are clearly a violation of law.

32. Plaintiff states that the action of the Defendants are unconscionable.

33. Plaintiff states that as a result of said actions he suffered serious, emotional distress.

34. **Wherefore**, Plaintiff demands for intentional infliction of emotional distress, compensatory damages of $1,000,000, punitive damages of $1,000,000, attorney fees, cost and any other relief this Court may deem is fair and equitable.

Respectfully submitted,

**SLATER, ZURZ & GILBERT**

Edward L. Gilbert (0014544)
Michael J. Wright (0075221)
Attorneys for Plaintiff
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857 FAX
egilbert8@sbcglobal.net

5