DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, et al., | ) ) ) ) | CASE NOS.  5:04CV1824 (Case 1) 5:04CV2070 (Case 2) |
| Plaintiff(s), | ) ) | |
| v. | ) ) | MEMORANDUM OPINION and ORDER SCHEDULING |
| Carter-Jones Lumber Company, | ) ) | STATUS CONFERENCE Resolving Doc. Nos. 51, 66, 77 (Case 1) |
| Defendant(s). | ) | Resolving Doc. Nos. 74, 93, 108  (Case 2) |

## **I. INTRODUCTION**

On September 8, 2004, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed Case No. 5:04CV1824 ("Case 1") alleging that in April 2003, unlawful disability discrimination caused Defendant Carter-Jones Lumber Company to refuse to rehire Gerald Price at the lumberyard/home improvement store in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.  Sec. 12101 et seq.[1]

On October 13, 2004, Plaintiff Gerald Price ("Plaintiff" or "Price"), through counsel, filed his own action, 5:04CV2070 ("Case 2") alleging that his termination in January 2003 was also prompted by unlawful disability based employment discrimination.[2]

---

[1] The EEOC also originally claimed at paragraph 8(b) of its complaint that there were problems with Defendant's employment application procedures. The EEOC states that those issues have been resolved. (Doc. No. 64, at n. 1, Case 1).

[2] Case 2 was originally assigned to the Honorable John R. Adams.  Case 2 was reassigned to the Court and was consolidated with Case 1 for all further proceedings (Doc. No. 10).  Plaintiff moved to intervene in Case 1 (Doc. No. 37, Case 2) and the Court denied  the motion. (Doc. 44, Case 2).

After a period of discovery, Defendant filed a motion for summary judgment in both cases(Docket No. 51).[3] The EEOC and Plaintiff filed briefs in opposition (Docket No. 64, Case 2 Docket No. 88). Defendant filed a reply brief in support (Docket No. 67).

Defendant was also granted leave and has filed a document captioned "Supplemental Motion for Summary Judgment" based on newly released social security records ( Doc. No. 66). Plaintiffs EEOC and Price have responded to what is in effect a second motion for summary judgment (Docket No. 72, Case 2 Docket No. 97).

The Court heard oral argument on the pending motions on November 2, 2005. After the hearing, Plaintiff filed a motion seeking leave to file an amended complaint instanter (Case 2, Doc. No. 102). The Court granted the motion and Plaintiff has submitted his Second Amended Complaint (Case 2, Docket No. 107). As a result of the amended complaint, Plaintiff claims that he was laid off because of his disability and adds the allegation that he was not rehired due to his disability.

Defendant renewed its motion for summary judgment in light of the amended complaint which appears on the docket as a third motion for summary judgment (Docket No. 77). Plaintiffs filed response briefs opposing the motion (Docket Nos. 79 and Case 2 Doc. No. 109). The Court granted Defendant leave and Defendant has filed a reply brief in favor of the second supplemental motion for summary judgment (Docket No. 81).

For the following reasons, Defendant's motions for summary judgment are denied.

---

[3] The Court references the docket numbers in Case 1 only. Unless noted specifically, the motions and responses in Case 2 are duplicates of those filed in Case 1 but with different docket numbers assigned.

## II. DISCUSSION

When denying a motion for summary judgment, the Court does not, in the ordinary course, elaborate on the issues presented except to state that there are material facts in dispute that require resolution at trial.  Fed. R. Civ. P. 56(c). However, in a close case such as this one, the Court writes in order to enable counsel to evaluate the nature of the evidentiary burden to be presented at trial and to assist with the preparation of jury instructions.

**First Motion for Summary Judgment**

Plaintiff Price worked as a laborer for Defendant at its Norton, Ohio home improvement center. He held the position of "yardman," a job that required moving building materials and assisting customers with their purchases. Plaintiff also worked on the sales counter, which was less physically taxing.   Although they were separate positions, the workers tended to "yo-yo" back and forth between the two jobs.

In December 2002, while he was working for Defendant, Plaintiff was diagnosed with end stage renal failure and entered the hospital in order to commence dialysis of his kidneys.  He was terminated in January 2003. During the spring of 2003, Plaintiff claims that Defendant refused to rehire him due to his disability.

The EEOC's complaint, at paragraph 8, alleges that "Defendant refused to employ Gerald Price at its Norton, Ohio facility, in approximately April, 2003 because of his disability, physical impairments brought on by diabetes." (Doc. No. 1, Case 1). Plaintiff also alleges that he was laid off and then not rehired due to unlawful employment discrimination. Docket No. 107, Second Amended Complaint, at para. 25.

The relevant allegations of a disability discrimination claim begin with Plaintiff's need to

3

allege and support factually a prima facie case of disability discrimination.  At trial, Plaintiff will be required to to prove that:"(1) he is an individual with a disability; (2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodations; and (3) he was discharged solely by reason of his handicap." Williams v. London Utility Com'n, 375 F.3d 424, 428 (6th Cir. 2004) quoting from Cotter v. Ajilon Servs., 287 F.3d 593,598 (6th Cir. 2002).

After establishing a prima facie case, Defendant must articulate a legitimate, non-discriminatory reason for the discharge. If that burden is met,  Plaintiff must demonstrate that this proffered reason is a pretext for discrimination.

The Court also notes that what is or is not reasonable accommodation is a key component of this case.  Accommodation of a disabled employee does not require an employer to fundamentally change the essential functions of the position. In Hedrick v. Western Reserve Care System, 355 F.3d 444 (6th Cir. 2004), the Court affirmed the district court's grant of summary judgment to the defendant hospital. Quoting from Burns v. Coca-Cola Enter., Inc., 222 F.3d 247, 256 (6th Cir. 2000), the Court stated:

> According to the regulations, an employer need only reassign a disabled employee to a vacant position. Employers are not required to create new jobs, displace existing employees from their positions, or violate other employees' rights under a collective bargaining agreement or other non-discriminatory policy in order to accommodate a disabled individual.

Hedrick, 355 F.3d at 457 (internal citations omitted).

Although this is a close case, the Court finds that there are material facts in dispute concerning Plaintiffs' allegations of wrongful termination and the allegations that Defendant wrongfully refused to rehire Plaintiff.

**Second Motion for Summary Judgment**

An added wrinkle in this case is the fact that Plaintiff was found to be disabled and has received Social Security Disability benefits. As part of the second motion for summary judgment, Defendant cites at length sworn statements made by Plaintiff confirming that he is disabled and unable to obtain gainful employment.

Difficulty for an ADA plaintiff arises when that plaintiff has also filed a contemporaneous application for disability benefits wherein he has made statements, apparently contradictory, that he is totally disabled and unable to work. Demonstrating the second prong of the prima facie case above, showing he or she was "otherwise qualified" to perform the job, becomes seemingly untenable.

In Cleveland v. Policy Mgmt, Sys. Corp., 526 U.S. 795 (1999), the United States Supreme Court offered guidance on how to resolve the apparent inconsistency. In Cleveland, the Court determined that an ADA plaintiff was not judicially estopped by her contemporaneous statements proclaiming herself to be totally disabled in order to receive social security disability benefits. The Court found it was possible that one might qualify for disability benefits "and yet, due to special individual circumstances, remain capable of performing the essential functions of her job." 526 U.S. at 804. The Court noted that the ADA requires employers to make reasonable accommodations for disabled individuals while the application for disability benefits by its general nature could not know the specifics of each applicant's circumstances in terms of accommodations that could return them to work. Id.

But the conflict between the two statements is not to be ignored. In fact, the Supreme

5

Court in <u>Cleveland</u> held that when it comes to summary judgment:

> An ADA plaintiff bears the burden of proving that she is a "qualified individual with a disability" –that is, a person "who, with or without reasonable accommodation can perform the essential functions" of her job. 42 U.S.C. 12111(8). And a plaintiff's sworn assertion in an application for disability benefits that she is, for example, unable to work will appear to negate an essential element of her ADA case–at least if she does not offer a sufficient explanation. For that reason, we hold that an ADA plaintiff cannot simply ignore the apparent contradiction that arises from the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation.

<u>Cleveland</u>, 524 U.S. at 806.

Further, it is not sufficient for a plaintiff simply to contradict a previous sworn statement, with the Court comparing the situation to a witness submitting a later affidavit that purports to contradict previous deposition testimony. The apparent contradiction between the two positions must be explained. <u>Id.</u> Finally, the plaintiff's "explanation must be sufficient to warrant a reasonable juror's concluding that. . . the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" <u>Cleveland</u>, 526 U.S. at 807.

<u>Williams v. London Utility Com'n</u>, 375 F.3d 424 (6th Cir. 2004) is one of the most recent published Sixth Circuit decisions to address what is or is not a "sufficient explanation" when an ADA plaintiff is confronted with his own apparently contradictory claim that he is totally disabled. In <u>Williams</u>, Plaintiff was terminated on February 28, 2001 and the next day filed for disability benefits under the state retirement system. Plaintiff subsequently filed suit to be reinstated to his position. For his disability discrimination claim, Williams needed to show, at the time of his discharge, that he was otherwise qualified to perform his job requirements with or without accommodation.

The Sixth Circuit affirmed the district court's granting of summary judgment to

defendant. The Court of Appeals found it impossible to understand how Williams could state he became totally unfit to work the day he filed for disability benefits and only one day after his termination. In the absence of a "sufficient explanation," the claim would not be allowed. Williams, 375 F.3d at 429.

In Griffith v. Wal-Mart Stores, Inc.135 F.3d 376 (6th Cir. 1998), the district court erroneously held that plaintiff's ADA claim was precluded by statements he made in his social security disability application. The Sixth Circuit held that there were material facts in dispute concerning whether plaintiff could work his previously held sales positions with accommodation.

The Court also noted that although the job description stated that up to 25 lbs. would need to be lifted on a regular basis, there was a dispute of fact as to whether the position was really that physically demanding. Griffith, 135 F.3d at 383, n.6.

As to the second motion for summary judgment, the Court finds that Plaintiff has provided sufficient evidentiary materials, when viewed in a light most favorable to his cause, to survive Defendant's second motion for summary judgment which was premised on the admissions Plaintiff made in the Social Security Disability claim.

**Third Motion for Summary Judgment**

The Court granted Defendant leave to file a second supplement to its motion for summary judgment following Plaintiff's filing of his second amended complaint. In that supplement, which has been docketed as a third motion for summary judgment (Docket No. 77), Defendant for the first time argues that Plaintiff is not disabled. According to Defendant, because the dialysis Plaintiff undergoes three times a week corrects his body's inability to

7

express waste products, Plaintiff has no major life impairment that qualifies as a disability under the ADA. See Docket No. 81, at 3. Defendant cites, by way of comparison, a case involving nearsighted persons unable to obtain employment as airline pilots and that corrective lenses render them not disabled pursuant to the statute. Defendant asks the Court, by way of summary judgment, to determine that there are no material facts in dispute as to the issue of Plaintiff's alleged disability.

The Court agrees that it is part of Plaintiff's prima facie case to submit evidence to show that Plaintiff is an individual with a disability. Plaintiff EEOC cites several cases in which courts have found that dialysis patients with end stage renal failure are in fact disabled. See Kammueller v. Loomis, Fargo & Co., 383 F.3d 779 (8th Cir. 2004) and cases cited therein. Further, it seems to the Court that there is at least a factual dispute about Plaintiff's disability raised by the Social Security Administration's determination that Plaintiff is disabled. Accordingly, the Court also finds that there are material facts in dispute concerning whether Plaintiff is a person with a disability and that the second supplemental motion for summary judgment (Docket No. 77) is denied.

**Preparing for Trial**

The Court will conduct a status conference in this case with only counsel present for the purpose of scheduling this matter for trial.

The Court notes that because this is a close case, the Court may entertain a motion pursuant to Fed. R. Civ. P. 50 at the close of Plaintiff's case if the Court becomes convinced that a directed verdict would be proper.

The Court encourages the parties to give serious consideration to coming to a resolution

of this matter. If requested, the Court would also be amenable to referring this matter to Magistrate Judge Gallas for mediation. Another tool to move disputes toward resolution, one that is not available under the Ohio Civil Rules, is Fed. R. Civ. P. 68 which permits Defendant to make an offer of judgment at any time more than 10 days prior to trial. If Plaintiff declines the settlement offer and then fails to obtain a judgment more than the proffered amount, Plaintiff is responsible for the costs of the offering party from the date the offer is made.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment in Case No. 5:04CV1824 and Case No. 5:04CV2070. This matter is hereby scheduled for a pretrial status conference with counsel at 9:00 a.m. on Thursday, June 1, 2006 in chambers for the purpose of scheduling this matter for trial.


IT IS SO ORDERED.


| May 25, 2006 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |